Erik M. Helbing, Esq.
HELBING LAW, LLC
1328 Second Ave.
Berwick, PA 18603
570-498-5544 (phone)
570-371-5445 (telecopy)
Attorney for Defendant, Amos Financial, LLC

IN THE UNITES STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| JAMES TEPPER and ALLISON TEPPER | : | | |
| Plaintiffs | : | No. | 15-cv-5834-JCJ |
| | : | | |
| v. | : | | |
| | : | | |
| AMOS FINANCIAL, LLC | : | | |
| Defendant | : | | |

## DEFENDANT'S MOTION TO COMPEL JOHN SPANDORFER, M.D. COMPLIANCE WITH SUBPOENAS COMMANDING THE PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR TANGIBLE THINGS

AND NOW, comes the Defendant, Amos Financial, LLC, who hereby moves this Honorable Court for an Order Compelling the Compliance of John Spandorfer, M.D. with Subpoenas Commanding the Production of Documents, Electronically Stored Information, or Tangible Things in the above-captioned matter and in support thereof avers as follows:

1.      On June 14, 2016, the undersigned served upon counsel for the Plaintiffs Notices of Service of Subpoena Commanding the Production of Documents, Electronically Stored Information, or Tangible Things directed to John Spandorfer, M.D., which sought the release of medical records of the Plaintiff, (hereinafter collectively referred to as the "Subpoenas"). True and correct copies of the Subpoenas are attached hereto as Exhibit "A" and are incorporated herein by reference.

2.      On June 17, 2016, the Subpoenas were served upon John Spandorfer, M.D., by Nathaniel Savoth of Heaven Sent Legal Services. True and correct copies of the Affidavits of Service are attached hereto as Exhibit "B" and are incorporated herein by reference.

3. By letter dated June 22, 2016, IOD Incorporated, the company retained by John Spandorder, M.D. to respond to requests for information informed the undersigned that it would not provide the requested information insofar as the Authorization to release the records [i.e. subpoena signed by an attorney] was not in accordance with State or Federal Law. A true and correct copy of this letter is attached hereto as Exhibit "C" and is incorporated herein by reference.

4. HIPPA does not authorize the release of medical records pursuant to a subpoena issued by an attorney.

5. HIPPA requires an Order of Court to release medical records pursuant to a subpoena issued by an attorney.

6. The Plaintiff's medical records may form a vital part of the defense in this matter for several reasons, to wit:

a. Mr. Tepper is seeking damages for the stress and anxiety he suffered as a result of the Defendant's alleged breach of the Fair Debt Collections Practices Act, (hereinafter referred to as the "FDCPA"). In his response to the Defendant's Interrogatories, the Plaintiff, James Tepper, stated: "[because of the Defendant's alleged violation of the Fair Debt Collections Practices Act he had] no choice but to take a prescription sleep aid (Ambien CR) and even antianxiety medication (Xanax) in order to cope with the great stress, anxiety, and resulting insomnia." During his deposition Mr. Tepper acknowledge having taken Ambien in the past to help him sleep. The fact that the Plaintiff, James Tepper, took prescription sleep aids in the past may indicate a pre-existing insomnia condition and the Defendant would to review his medical records to ascertain the extent of any pre-existing condition. A true and correct copy of the relevant transcript page from Mr. Tepper's Deposition is attached hereto as Exhibit "D" and is incorporated herein by reference.

b. During her deposition Mrs. Tepper also testified that she sought medical treatment necessitated by the Defendant's alleged violation of the FDCPA. The Defendant would like to review her medical records to determine the extent of the medical treatment she received as a result of the Defendant's alleged violation of the FDCPA. A true and correct copy of the relevant transcript pages from Mrs. Tepper's Deposition is attached hereto as Exhibit "E" and is incorporated herein by reference.

7.    The Plaintiff's medical records constitute discoverable information pursuant to F.R.C.P. 26.

WHEREFORE, the Defendant, respectfully prays that this Honorable Court grant the within Motion and compel John Spandorfer, M.D., to comply with the Subpoenas issued by the Defendants in the above-captioned matter.

Respectfully Submitted,

/s/ Erik M. Helbing
Erik M. Helbing, Esq.
Attorney for Defendant

EXHIBIT

"A"

Erik M. Helbing, Esq.
HELBING LAW, LLC
1328 Second Ave.
Berwick, PA  18603
570-498-5544 (phone)
570-371-5445 (telecopy)
Attorney for Defendant, Amos Financial, LLC

IN THE UNITES STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| JAMES TEPPER and ALLISON TEPPER | : | | |
| Plaintiffs | : | No. | 15-cv-5834-JCJ |
| | : | | |
| v. | : | | |
| | : | | |
| AMOS FINANCIAL, LLC | : | | |
| Defendant | : | | |

## NOTICE OF SERVICE OF SUBPOENA COMMANDING THE PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR TANGIBLE THINGS

Defendant, Amos Financial, LLC, hereby gives notice pursuant to Federal Rule of Civil Procedure 45(b)(1) to Plaintiffs that it intends to serve the attached subpoena commanding the production of documents, electronically stored information, or tangible things upon John Spandorfer, M.D.

Respectfully Submitted,

Erik M. Helbing, Esq.
I.D. No. 203832
1328 Second Ave.
Berwick, PA  18603
570-498-5544

-1-

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| James Tepper and Allison Tepper | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 15-CV-5834-JCJ |
| Amos Financial, LLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                         John Spandorfer, M.D.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Your files for the Plaintiff, James Tepper, for the period from March 2012 through the Present date. Included should be information concerning any treatment the Plaintiff, James Tepper, received for issues involving sleeping and anxeity including any medication prescribed for the same and the number of refills authorized.

| Place: Helbing Law, LLC, 1328 Second Avenue, Berwick, PA 18603 | Date and Time: 07/05/2016 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6/14/2016

*CLERK OF COURT*

_____     OR     *Emhel*
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Amos Financial, LLC _____ , who issues or requests this subpoena, are:

Erik M. Helbing, Esquire (PA ID 203832)

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 15-CV-5834-JCJ

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)* .

☐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)* ; or

☐ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
 (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
 (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
 (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITES STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| JAMES TEPPER and ALLISON TEPPER | : | | |
| Plaintiffs | : | No. | 15-cv-5834-JCJ |
| | : | | |
| v. | : | | |
| | : | | |
| AMOS FINANCIAL, LLC | : | | |
| Defendant | : | | |

## CERTIFICATE OF SERVICE

I, the undersigned, counsel for Defendant hereby certify that I served a copy of the within Notice of Service of Subpoena on John Spandorfer, M.D. on counsel for the Plaintiff by electronic mail and Express Mail (No. EL 246507823 US) on June 14, 2016, to the following address:

> Alan S. Fellheimer, Esq.
> 50 South 16th Street
> Suite 3401
> Philadelphia, PA 19102

Respectfully Submitted,

Dated: June 14, 2016

Erik M. Helbing, Esquire
I.D. No. 203832
1328 Second Avenue
Berwick, PA 18603
(570) 498-5544

-2-

Erik M. Helbing, Esq.
HELBING LAW, LLC
1328 Second Ave.
Berwick, PA 18603
570-498-5544 (phone)
570-371-5445 (telecopy)
Attorney for Defendant, Amos Financial, LLC

IN THE UNITES STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| JAMES TEPPER and ALLISON TEPPER | : | | |
| Plaintiffs | : | No. | 15-cv-5834-JCJ |
| | : | | |
| v. | : | | |
| | : | | |
| AMOS FINANCIAL, LLC | : | | |
| Defendant | : | | |

## NOTICE OF SERVICE OF SUBPOENA COMMANDING THE PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR TANGIBLE THINGS

Defendant, Amos Financial, LLC, hereby gives notice pursuant to Federal Rule of Civil Procedure 45(b)(1) to Plaintiffs that it intends to serve the attached subpoena commanding the production of documents, electronically stored information, or tangible things upon John Spandorfer, M.D.

Respectfully Submitted,

$\mathcal{E}\sim\mathcal{Hel}$

Erik M. Helbing, Esq.
I.D. No. 203832
1328 Second Ave.
Berwick, PA 18603
570-498-5544

-1-

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| James Tepper and Allison Tepper | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  15-CV-5834-JCJ |
| Amos Financial, LLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                                                John Spandorfer, M.D.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Your files for the Plaintiff, Allison Tepper, for the period from March 2012  through the Present date.  Included should be information concerning any treatment the Plaintiff, Allison Tepper, received for issues involving sleeping and anxeity including any medication prescribed for the same and the number of refills authorized.

| Place: Helbing Law, LLC, 1328 Second Avenue, Berwick, PA 18603 | Date and Time: 07/05/2016 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  6/14/2016

                                      *CLERK OF COURT*

                                                                         OR      EMHel
_____                    _____
          *Signature of Clerk or Deputy Clerk*                                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Amos Financial, LLC                                                      , who issues or requests this subpoena, are:

Erik M. Helbing, Esquire (PA ID 203832)

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 15-CV-5834-JCJ

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITES STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| JAMES TEPPER and ALLISON TEPPER | : | | |
| Plaintiffs | : | No. | 15-cv-5834-JCJ |
| | : | | |
| v. | : | | |
| | : | | |
| AMOS FINANCIAL, LLC | : | | |
| Defendant | : | | |

## CERTIFICATE OF SERVICE

I, the undersigned, counsel for Defendant hereby certify that I served a copy of the within

Notice of Service of Subpoena on John Spandorfer, M.D. on counsel for the Plaintiff by electronic

mail and Express Mail (No. EL 246507823 US) on June 14, 2016, to the following address:

Alan S. Fellheimer, Esq.
50 South 16th Street
Suite 3401
Philadelphia, PA 19102

Respectfully Submitted,

Dated: June 14, 2016

Erik M. Helbing, Esquire
I.D. No. 203832
1328 Second Avenue
Berwick, PA 18603
(570) 498-5544

-2-

EXHIBIT "B"

## AFFIDAVIT OF SERVICE

| Case:<br>15-CV-<br>5834-JCJ | Court:<br>THE UNITED STATES DISTRICT COURT FOR THE<br>EASTERN DISTRICT OF PENNSYLVANIA | County:<br>, PA | Job:<br>911793 (743319) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>JAMES TEPPER AND ALLISON TEPPER | | Defendant / Respondent:<br>AMOS FINANCIAL, LLC | |
| Received by:<br>Heaven Sent Legal Services | | For:<br>HELBING LAW, LLC | |
| To be served upon:<br>JOHN SPANDORFER, M.D. | | | |

I, NATHANIEL SAVOTH, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Kitty Avellino - reception - JOHN SPANDORFER, M.D., Company: 833 CHESTNUT ST SUITE 701, PHILADELPHIA, PA 19107

**Manner of Service:**  Substitute Service - Personal, Jun 17, 2016, 11:07 am EDT

**Documents:**  NOTICE OF SERVICE OF SUBPOENA COMMANDING THE PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR TANGIBLE THINGS; AND SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION (Received Jun 17, 2016 at 10:04am EDT)

**Additional Comments:**
1) Successful Attempt: Jun 17, 2016, 11:07 am EDT at Company: 833 CHESTNUT ST SUITE 701, PHILADELPHIA, PA 19107 received by Kitty Avellino - reception - JOHN SPANDORFER, M.D.. Age: 55; Ethnicity: Caucasian; Gender: Female; Weight: 160; Height: 5'8"; Hair: Black;

_____      06/17/2016

NATHANIEL SAVOTH                     Date

Heaven Sent Legal Services
421 N 7th St Suite 422
Philadelphia, Pa 19123

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_____
**Notary Public**

_____
**Date**          **Commission Expires**

## AFFIDAVIT OF SERVICE

| Case: 15-CV-5834-JCJ | Court: THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA | County: , PA | Job: 911794 (743320) |
|---|---|---|---|
| **Plaintiff / Petitioner:** JAMES TEPPER AND ALLISON TEPPER | | **Defendant / Respondent:** AMOS FINANCIAL, LLC | |
| **Received by:** Heaven Sent Legal Services | | **For:** HELBING LAW, LLC | |
| **To be served upon:** JOHN SPANDORFER, M.D. | | | |

I, NATHANIEL SAVOTH, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Kitty Avellino - reception - JOHN SPANDORFER, M.D., Company: 833 CHESTNUT ST SUITE 701, PHILADELPHIA, PA 19107

**Manner of Service:**   Substitute Service - Personal, Jun 17, 2016, 11:04 am EDT

**Documents:**   NOTICE OF SERVICE OF SUBPOENA COMMANDING THE PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR TANGIBLE THINGS; AND SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION (Received Jun 17, 2016 at 10:04am EDT)

**Additional Comments:**
1) Successful Attempt: Jun 17, 2016, 11:04 am EDT at Company: 833 CHESTNUT ST SUITE 701, PHILADELPHIA, PA 19107 received by Kitty Avellino - reception - JOHN SPANDORFER, M.D.. Age: 55; Ethnicity: Caucasian; Gender: Female; Weight: 160; Height: 5'8"; Hair: Black;

_____     06/17/2016

NATHANIEL SAVOTH                Date

Heaven Sent Legal Services
421 N 7th St Suite 422
Philadelphia, Pa 19123
215 222 0630

_Subscribed and sworn to before me by the affiant who is personally known to me._

_____

**Notary Public**

_____

**Date**          **Commission Expires**

EXHIBIT "C"



**8 Neshaminny Interplex**                                                      06/22/2016
**STE 208 TREVOSE PA 19053**
**Voice : 866-420-7455  Fax : 920-406-6537**

---

To                          **Records requester**
Company                     HELBING LAW LLC
Fax Number                  15703715445
Voice Number

From                        Customer Relations
Fax                         920-406-6537
Voice                       866-420-7455
Subject                     **InvalidApprovalnotice**
Order #                     44739094

Notes                       Thank you for your prompt attention to the attached notice.

This fax and any files transmitted with it are confidential and may contain information which is
legally privileged or otherwise exempt from disclosure. They are intended solely for the use of
the individual or entity to whom this fax is addressed. If you are not one of the named
recipients or otherwise have reason to believe that you have received this fax in error, please
immediately notify the sender and return or shred these documents immediately. Any other
use, retention, dissemination, forwarding, printing, or copying of this email is strictly prohibited

Invalid Authorization Notice



NOTICE DATE:

HELBING LAW LLC
1328 SECOND AVE

BERWICK, PA 18603

Patient: **TEPPER, JAMES**
SSN:
Claim/File #: **15-CV-5834-JCJ**
Order #: **44739094**
Fax #:

**IMG** NORTHEAST

Records requested from: **JEFFERSON UNIVERSITY PHYSICIANS**

Dear Requester:

IOD Incorporated has been retained by the medical facility listed above to handle release of information requests such as yours.

Unfortunately we will not be able to comply with your request due to the following:

**The Authorization to release the records is not valid in accordance with State or Federal law.**

»    Please complete the enclosed Patient Authorization Form and mail or fax it back to us.

If you have any questions regarding this notice, please contact Medical Records Department at 215-503-8768.

*IOD Incorporated   Tax ID No. 65-0765287*
*833 CHESTNUT STREET   PHILADELPHIA, PA 19107*
*Phone 215-503-8768   *   Fax 215-503-0854*

## Authorization To Release Medical Records:

### PATIENT INFORMATION:

Name (print)                                                          DOB            SSN

_____      _____   _____

### INFORMATION TO BE RELEASED FROM:

Name of facility or provider

_____

Address

_____

### INFORMATION TO BE SENT TO:

Name of designated receipient

_____

Address                                                       City          State       Zip

_____      _____   _____   _____

### INFORMATION TO BE RELEASED: (check one)

_____ The most recent 2 years of pertinent information (chart notes, labs, x-rays and special tests)
_____ All medical records
_____ Specific information (please specify) :

### PURPOSE FOR WHICH THE DISCLOSURE IS BEING MADE: (please check one)

_____ Attorney            _____ Insurance            _____ Doctor            _____ Personal

### PATIENT AUTHORIZATION :

I understand that my records may contain information regarding the diagnosis or treatment of HIV/AIDS, sexually transmitted diseases, drug and/or alcohol abuse, mental illness, or psychiatric treatment. I give my specific authorization for these records to be released.

* EXCLUDE the following information from the records released (please initial)

_____ Drug / Alcohol abuse/treatment & diagnosis         _____ Sexually transmitted disease
_____ HIV/AIDS diagnosis/treatment/testing                 _____ Mental illness or psychiatric diagnosis/treatment

### MY RIGHTS:

I understand I do not have to sign this authorization in order to obtain health care benefits (treatment, payment or enrollment). I may revoke this authorization in writing. To view the process for revoking this authorization, please read the Privacy Notice to patients posted at the facility where your information is being released. I understand that once the health information I have authorized to be disclosed reaches the noted recipient, that person or organization may re-disclose it, at which time it may no longer be protected under Privacy laws.

Signature: _____      Date: _____
                (Patient, guardian*, or Authorized representative*)

### This authorization will expire 90 days from the date signed
### Possible copying fee required

EXHIBIT "D"

Page 26

1   months.

2       Q.   You were also on Ambien --

3       A.   Yes.

4       Q.   -- CR --

5       A.   Yes.

6       Q.   -- prescription.

7       A.   Yes.

8       Q.   How long were you on that for?

9       A.   I was on that for three months.

10      Q.   Now, prior to being on the Ambien and

11   being on the Xanax, were you ever on any

12   prescription medications that were similar to that

13   in the past?

14      A.   I had taken Ambien but not CR.  I was

15   always -- if I had an airing overnight, I would

16   take it.  I would never use Ambien if I didn't

17   need to be up or asleep at a certain hour.

18           When this happened, I was so stressed

19   that I couldn't go to sleep and I couldn't stay

20   asleep, so I took the CR.

21      Q.   You started taking that shortly after

22   this.  So that puts us at what timeframe?

23      A.   I went to see my doctor within, I would

24   say, four weeks of this stress situation.

EXHIBIT "E"

1     **A.    I don't understand.  You're not being**

2   **fair.**

3     Q.    I will rephrase.

4           Because of the plaintiff's alleged

5   violations of the FDCPA --

6           MR. FELLHEIMER:  Plaintiff or defendant?

7       Sometimes you refer to your own client as

8       defense, sometimes plaintiff.

9           MR. HELBING:  I know.  Dual caption does

10      that to you.

11          MR. FELLHEIMER:  Why don't you use Amos

12      instead of plaintiff and defendant.

13          MR. HELBING:  Okay.

14  BY MR. HELBING:

15     Q.    Of Amos's violation of the FDCPA, do you

16  suffer any physical illness?

17     **A.    What are you -- what do you refer to**

18  **as -- what do you mean by physical?**

19     Q.    Like your husband had insomnia.  Did you

20  have, for instance, insomnia?

21     **A.    Yes.**

22     Q.    Well, you have any other physical

23  manifestations of it?

24     **A.    Yes.**

1      Q.    Such as what?

2      **A.    Emotional distress.**

3      Q.    How would you define emotional distress?

4      **A.    Acute anxiety and not sleeping.**

5      Q.    Do you have a diagnosis of any of those

6    from a doctor?

7      **A.    Yes.**

8      Q.    Interesting.  Looks like your response to

9    interrogatories -- just to make sure.

10          So, you consulted with a doctor you just

11    testified, correct?

12      **A.    (Nodding in the affirmative.)**

13          MR. FELLHEIMER:  You have to answer out

14    loud, you can't shake your head.

15          THE WITNESS:  Oh.  Yes.

16          MR. FELLHEIMER:  The court reporter --

17          THE WITNESS:  Okay.

18          MR. FELLHEIMER:  -- can't record a shake

19    of the head.

20          THE WITNESS:  Okay.

21          MR. HELBING:  I am going to mark these as

22    10 now.

23          (Exhibit 10 marked.)

24    BY MR. HELBING:

1       Q.   Mrs. Tepper, do you recognize what we

2   just handed to you?

3       **A.   No.**

4            MR. FELLHEIMER:   These are your answers

5       to the interrogatories.

6   BY MR. HELBING:

7       Q.   Plaintiff's answers to interrogatories.

8   I want you to look at the very last page of the

9   exhibit.   There is a verification attached to

10  that, correct?   Is that your signature?

11      **A.   Yes.**

12      Q.   I am going to direct your attention to

13  page No. 4, interrogatory No. 2.   It asks you to

14  please identify any medical professional you

15  consulted relative to the great stress and duress

16  you allege in Paragraph 35 of your complaint.

17           Can you read your response?

18      **A.   Right here (indicating)?**

19           MR. FELLHEIMER:   Yes.   Go ahead.

20           THE WITNESS:   Objection.   The term

21      "medical professional" as defined in

22      defendant's interrogatories is vague and

23      overbroad.   Without waiver or prejudice to the

24      foregoing objections, while Mrs. Tepper

1    experienced a great deal of stress and anxiety

2    as described in Mrs. Tepper's response to

3    Defendant's interrogatory No. 1, she did not

4    consult with any licensed medical professional

5    regarding her condition.

6  BY MR. HELBING:

7    Q.   So, did you consult with a doctor?

8    **A.   I don't --**

9       MR. FELLHEIMER:  If you did, tell him; we

10   will just amend it.

11      MR. HELBING:  It's not a big deal.

12      MR. FELLHEIMER:  It's not a big deal.

13      THE WITNESS:  Yeah.  I mean, I don't --

14   yeah, I understand that.  I -- I'm very vague

15   on time lines.  So.

16      MR. FELLHEIMER:  Since this time last

17   year, have you seen a doctor about your

18   anxiety?

19      THE WITNESS:  Yes.

20      MR. FELLHEIMER:  His next question is

21   going to be, who was it?

22      THE WITNESS:  Dr. Spandorfer.

23  BY MR. HELBING:

24    Q.   Is the same doctor your husband uses?

IN THE UNITES STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| JAMES TEPPER and ALLISON TEPPER | : | | |
| Plaintiffs | : | No. | 15-cv-5834-JCJ |
| | : | | |
| v. | : | | |
| | : | | |
| AMOS FINANCIAL, LLC | : | | |
| Defendant | : | | |

## CERTIFICATE OF SERVICE

I, the undersigned, counsel for Defendant hereby certify that I served a copy of the within Defendant's Motion to Compel the Compliance of John Spandorfer, M.D., with the Subpoenas Commanding Production of Documents, Electronically Stored Information, or Tangible Things including the Proposed Order and all Exhibits on the following persons by first class mail on June 25, 2016, to the following address:

Alan S. Fellheimer, Esq.
50 South 16th Street
Suite 3401
Philadelphia, PA  19102
Certified No.

IOD Incorporated
8 Neshaminny Interplex
Suite 208
Trevose, PA  19053
7013 2630 0000 6913 3451

Respectfully Submitted,

Dated: June 25, 2016

/s/ Erik M. Helbing
Erik M. Helbing, Esquire
I.D. No. 203832
1328 Second Avenue
Berwick, PA  18603
(570) 498-5544