IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNYSLVANIA

| | |
|---|---|
| JAMES TEPPER<br>    and<br>ALLISON TEPPER<br><br>                    Plaintiffs,<br>v.<br><br><br>AMOS FINANCIAL, LLC<br><br>                    Defendant. | Civil Action<br><br>Docket No.:  2:15-cv-5834-JCJ |

**PLAINTIFFS' SUPPLEMENTAL BRIEF**

Plaintiffs, James Tepper and Allison Tepper (collectively, the "**Teppers**"), by and through their undersigned counsel, file this Supplemental Brief pursuant to this Court's Order dated June 14, 2017 (the "**June 14 Order**").[1]

**I.    BACKGROUND**

The Teppers instituted this action against defendant, AMOS FINANCIAL, LLC ("**Amos**") under the Federal Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (the "**FDCPA**"), as a result of Amos's repeated violations of the FDCPA. While the FDCPA protections only apply to "debt collectors" as defined under § 1692a(6) of the FDCPA, Amos's status as a "debt collector" was not disputed in this case. One of the major reasons for the lack of such dispute was the fact

---

[1] On March 31, 2017, the Teppers filed their Proposed Findings of Fact and Conclusions of Law [ECF No. 38] ("**Teppers' FF&CL**"). On April 19, 2017, the Teppers filed their Supplemental Proposed Findings of Fact and Conclusions of Law [ECF No. 43] ("**Teppers' Supplemental FF&CL**"). Pursuant to FED. R. CIV. P. 10(c), the Teppers adopt by reference Teppers' FF&CL and Teppers' Supplemental FF&CL in their entirety in this Supplemental Brief. All capitalized terms not specifically defined herein shall have the same meaning as they do in Teppers' FF&CL and Teppers' Supplemental FF&CL.

that (1) the FDIC (successor to original lender, NOVA Bank), prior to Amos's acquisition of the Tepper Loan, improperly declared the Tepper Loan to be in default;[2] and (2) Amos has consistently considered the Tepper Loan to be in default.[3] Under what was then well established Third Circuit law, an entity that acquires a debt from another party, and the debt was in default at the time of acquisition, the acquiring entity is a "debt collector" as defined under § 1692a(6) of the FDCPA. *See, e.g.*, *F.T.C. v. Check Inv'rs, Inc.*, 502 F.3d 159, 171 (3d Cir. 2007), *abrogated by Henson v. Santander Consumer USA Inc.*, No. 16-349, 2017 WL 2507342 (U.S. June 12, 2017).

On June 12, 2017, after the trial had already concluded and the parties submitted their respective Supplemental Proposed Findings of Fact and Conclusions of Law, the U.S. Supreme Court issued its decision in *Henson v. Santander Consumer USA Inc.*, No. 16-349, 2017 WL 2507342 (U.S. June 12, 2017) (hereinafter, *SCOTUS Henson*). The *SCOTUS Henson* decision deals with the issue of whether the pre-acquisition default status of the debt in question, by itself, determines the status of the acquiring entity as a "debt collector." *See generally SCOTUS Henson*, 2017 WL 2507342. On June 14, 2017, this Court issued the June 14 Order requesting additional briefing from the parties on the issue of Amos's status as a "debt collector" as a result of the *SCOTUS Henson* decision. This Supplemental Brief is hereby submitted in response to the June 14 Order.

---

[2] **Plaintiffs' Trial Exhibit 12**.
[3] *See* Teppers' FF&CL at 20.

## II. RELEVANT FACTUAL BACKGROUND

Amos is not a financial institution under any federal or state law and does not originate any loans.[4] Rather, Amos's **only** business—per the trial testimony of Amos' operations manager, Nareg Korogluyan—is the acquisition and collection of defaulted debt, including consumer debt.[5] Amos was not registered to do any business in the Commonwealth of Pennsylvania until October 26, 2015—two-and-a-half (2 ½) years *after* it purchased the Tepper Loan and seven (7) months *after* it had commenced the Foreclosure Action against the Tepper Residence.[6] Amos is, however, registered **as a debt collector** that handles consumer debt in multiple other states.[7]

## III. LEGAL ARGUMENT

### A. The Scope and Significance of *SCOTUS Henson*.

The FDCPA provides the following multi-point definition of "debt collector":

> The term "debt collector" means any person who uses any
> instrumentality of interstate commerce or the mails in any business
> the principal purpose of which is the collection of any debts, or
> who regularly collects or attempts to collect, directly or indirectly,
> debts owed or due or asserted to be owed or due another.

---

[4] *See* Complaint [ECF No. 1] (**Plaintiffs' Trial Exhibit 36**) at 3, *admitted in* Answer [ECF No. 3] (**Plaintiffs' Trial Exhibit 37**) at 3.
[5] *See* Tr. 135:16–21.
[6] *See* **Plaintiffs' Trial Exhibit 32**. This information is publicly available with the Pennsylvania Department of State at https://www.corporations.pa.gov/Search/CorpSearch. The Court is requested to take judicial notice of this fact pursuant to FED R. EVID. 201.
[7] *See* **Exhibit A** & **Exhibit B** at 4. Exhibits A & B contain information publicly available at NMLS CONSUMER ACCESS, AMOS FINANCIAL LLC, http://www.nmlsconsumeraccess.org/EntityDetails.aspx/COMPANY/1111855 (last visited June 15, 2017) and *2017 Paid Debt Collectors and Creditors/Assignees*, IOWA DEPARTMENT OF JUSTICE OFFICE OF THE ATTORNEY GENERAL, https://www.iowaattorneygeneral.gov/media/cms/Formatted_Spreadsheet_3DE52390AE035.pdf (last updated June 12, 2017), respectively. Therefore, the Court is requested to take judicial notice of Amos's registration as a debt collector dealing with consumer debt pursuant to FED R. EVID. 201. Of note, with regard to the information contained in **Exhibit 1**, NMLS is a system for recording licensure and registration of various financial entities with the participating state agencies. *See* **Exhibit 3** and *About NMLS*, NMLS RESOURCE CENTER, http://mortgage.nationwidelicensingsystem.org/about/Pages/default.aspx (last visited June 15, 2017).

> Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6). The statute then excludes certain enumerated entities from the "debt collector" definition. *Id.* § 1692a(6)(A)–(F). It was only the "regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another" portion of § 1692a(6) that was the subject of the *SCOTUS Henson* decision. *See generally SCOTUS Henson*, 2017 WL 2507342. In order to understand the scope and significance of *SCOTUS Henson*, however, it is important to look at Fourth Circuit opinion below. *See generally Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 134 (4th Cir. 2016), *cert. granted*, 137 S. Ct. 810, 196 L. Ed. 2d 595 (2017), *and aff'd*, No. 16-349, 2017 WL 2507342 (U.S. June 12, 2017) (hereinafter, *Fourth Circuit Henson*).

    1. *Fourth Circuit Henson*

The lawsuit underlying *SCOTUS Henson* involved allegations of various FDCPA violations made by several Maryland consumers against, *inter alia*, SANTANDER CONSUMER USA, INC. ("**Santander**"), who had purchased the loans at issue from another entity after those loans went into default. *Fourth Circuit Henson*, 817 F.3d at 134. Santander filed a motion to dismiss under FED. R. CIV. P. 12(b)(6), arguing that it was not a "debt collector" as defined under the statute. *Id.* The trial court granted Santander's motion to dismiss, holding that Santander, as a consumer finance company that was attempting to collect on the debt in its own name, did not fit the statutory definition of "debt collector." *Id.*

The Fourth Circuit agreed with the trial court, holding that Santander was not a "debt collector" as defined under § 1692a(6). *Id.* "[T]his provision defines a debt collector as (1) a

person whose *principal purpose* is to collect debts; (2) a person who *regularly* collects debts *owed to another;* or (3) a person who collects *its own debts,* using *a name other than its own* as if it were a debt collector." *Id.* at 136 (emphasis in the original). Having decided that an entity may qualify as a "debt collector" only if it falls into one of these three categories, the Fourth Circuit quickly dispensed with the first and the third category, since the plaintiffs did not allege any facts in their support:

> Applying these allegations to the definition of debt collector in § 1692a(6), it is apparent that Santander does not fall within the first or third definitions of debt collector. The complaint does not allege, nor do the plaintiffs argue, that Santander's *principal business* was to collect debt, alleging instead that Santander was a consumer finance company. The complaint also does not allege, nor do the plaintiffs contend, that Santander was using a name other than its own in collecting the debts.

*Id.* at 137 (emphasis in the original).[8] "Thus, to allege that Santander was a debt collector, the complaint is left to satisfy the second definition of debt collector—that Santander regularly collects debts owed to others and was doing so here." *Id.*

The plaintiffs argued that Santander fit the second class of "debt collectors" because the debt in question was in default at the time Santander acquired it, and "that the *default status* of a debt is determinative of whether a person who purchased the debt is a debt collector." *Id.* at 138 (emphasis in the original). The Fourth Circuit—recognizing that the default status of the debt at the time of acquisition was the approach taken by other circuits (including the Third Circuit) to determine if an entity was a "debt collector"—declined to adopt this approach, focusing instead on the party to whom the debt was owed at the time of the collection activity in question:

---

[8] Indeed, per the trial court opinion, "Plaintiffs expressly state that 'Santander issues and services tens of thousands of car loans each year.'" *Henson v. Santander Consumer USA, Inc.*, 2014 WL 1806915, at *5 (D. Md. May 6, 2014) (quoting the plaintiffs' brief in opposition to Santander's motion to dismiss).

> The material distinction between a debt collector and a creditor—**at least with respect to the second definition of "debt collector" provided by § 1692a(6)**—is therefore whether a person's regular collection activity is only *for itself* (a creditor) or whether it regularly collects *for others* (a debt collector)—not, as the plaintiffs urge, whether the debt was in default when the person acquired it.

*Id.* at 136–37 (bolded/underlined emphasis added, italicized emphasis in the original). Because, at the time of the alleged collection activity, the debt in question was owed to Santander, the Fourth Circuit deemed Santander to be a "creditor," not a "debt collector" under § 1692a. *Id.* at 138.

    2. *SCOTUS Henson*

In the *SCOTUS Henson* decision, the Supreme Court affirmed *Fourth Circuit Henson* decision. *SCOTUS Henson*, 2017 WL 2507342, at \*7–\*8. The Supreme Court analyzed the text of the second half of the first sentence of § 1692a(6)—"regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another"—and determined that "owed or due . . . another" modifies the phrase "regularly collects or attempts to collect." *Id.* at \*3–\*5. Therefore, the Supreme Court reasoned, for an entity to qualify as a "debt collector" under the "regularly collects" prong of the definition, the debts it "regularly seek[s] to collect" must be debts "owed . . . another," and not those "for its own account." *Id.* at \*3. The Supreme Court agreed with the Fourth Circuit's analysis, deeming the default status of the debt in question at the time of its acquisition to be irrelevant in determining whether the acquiring entity qualifies as a "debt collector." *Id.* at \*5–\*7.

But even prior to deciding the issue of whether an entity that regularly purchases defaulted loans and attempts to collect on such purchased loans is a "debt collector," the Supreme Court explicitly stated and made clear what issues it was **not** deciding:

> Before attending to that job, though, we pause to note two related questions we do not attempt to answer today. First, petitioners suggest that Santander can qualify as a debt collector not only because it regularly seeks to collect for its own account debts that it has purchased, but also because it regularly acts as a third party collection agent for debts owed to others. Petitioners did not, however, raise the latter theory in their petition for certiorari and neither did we agree to review it. **Second, the parties briefly allude to another statutory definition of the term "debt collector"—one that encompasses those engaged "in any business the principal purpose of which is the collection of any debts." § 1692a(6). But the parties haven't much litigated that alternative definition and in granting certiorari we didn't agree to address it either.**

*Id.* at *3 (emphasis added). Therefore, while the Supreme Court determined that the "regularly collects" prong of § 1692a(6) can only be satisfied when the entity engaged in debt collection is doing so on behalf of a third party, the *SCOTUS Henson* did **not** impose the same requirement on the "principal purpose" prong of the statutory definition of a "debt collector."

    B.  The "Principal Purpose" Prong of § 1692a(6) Applies to the Collection of Any Debts, Not Just Debts Owed to Third Parties.

A careful analysis of the text and the structure of the first sentence of § 1692a(6) can lead to only one conclusion: an entity whose business's "principal purpose" is debt collection is a "debt collector" under the statute—regardless of who owns the debt on which collection is attempted. Pursuant to the statute, "[t]he term 'debt collector' means any person [1] who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of **any** debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts *owed or due or asserted to be owed or due another*." 15 U.S.C. § 1692a(6) (emphasis added).

"[O]wed or due or asserted to be owed or due another" clause immediately follows (without so much as a comma) the word "debts" contained in the "regularly collects" prong.

Such language does **not** appear after the word "debts" at the end of the "principal purpose" prong. Instead, "debts" in the "principal purpose" prong is immediately preceded by the word "any." As a matter of textual interpretation—the approach used in *SCOTUS Henson*—it therefore follows that, while an entity can only be deemed a "debt collector" under the "regularly collects" prong of § 1692a(6) if the collection activity relates to debts owed to a third party, such requirement is absent as to the "principal purpose" prong. Under the latter, an entity whose business's "principal purpose" is debt collection is a statutorily defined "debt collector" regardless of whether it attempts to collect debts that are owed to that entity or to a third party. Such entity is a "debt collector"—and is therefore bound by all of the FDCPA requirements—when it tries to collect "**any** debt." 15 U.S.C. § 1692a(6) (emphasis added).

Such was the interpretation of § 1692a(6) and *SCOTUS Henson* by at least one commentator just days after the *SCOTUS Henson* decision:

> The court mentioned an important caveat, however. Under a second part of the FDCPA's definition of a debt collector, the act does apply to companies whose principal business is debt collection, even if they own the debt they are trying to collect. Gorsuch said the ruling did not address that alternative definition.

Dena Aubin, *Q&A Strook's Quyen Truong on High Court's Debt Collection Decision*, REUTERS LEGAL (June 15, 2017, 10:00 AM) (available on Westlaw).[9]

### C. Multiprong Approach to § 1692a(6) in the Third and the Seventh Circuits.

As discussed at length in the Teppers' prior filings, the Third Circuit courts have focused exclusively on the default status of the debt at the time of its acquisition to determine that an entity is a "debt collector" under § 1692a(6). *See Check Inv'rs, Inc.*, 502 F.3d at 173 (holding that an entity is a "debt collector" within the meaning of the FDCPA if the debt that it is trying to

---

[9] Because no Westlaw citation is available for the cited article, it is attached hereto as **Exhibit 4** for the Court's convenience.

collect was in default at the time such entity acquired the debt from someone else); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403–04 (3d Cir. 2000) (same); *McDermott v. Nationstar Mortgage, LLC*, 143 F. Supp. 3d 290, 296 (E.D. Pa. 2015) (Robreno, J.) ("[C]ourts have concluded that the FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not.") (internal quotation marks omitted).

The courts in the Third Circuit have, however, explicitly recognized the two separate prongs under § 1692a(6)—the "principal purpose" prong and the "regularly collects" prong—and considered both prongs in conjunction with the now-abrogated default analysis. *See Oppong v. First Union Mortg. Corp.*, 215 F. App'x 114, 118–19 (3d Cir. 2007) (determining that the defendant was "a debt collector under the FDCPA because it 'regularly' collect[ed] debts owed to another," even though it did not satisfy the "principal purpose" prong). *Pollice*, 225 F.3d at 404 ("Here, there is no dispute that the various claims assigned to NTF were in default prior to their assignment to NTF. Further, there is no question that the 'principal purpose' of NTF's business is the 'collection of any debts,' namely, defaulted obligations which it purchases from municipalities."); *Barbato v. Greystone All., LLC*, 2017 WL 1193731, at *10 (M.D. Pa. Mar. 30, 2017) ("In addition to arguing that Crown acquired the Account when it was in 'default,' Plaintiff also argues that Crown's 'principal purpose' is the collection of 'any debts.' The summary judgment record supports Plaintiff's position.") (internal citation omitted).

Similarly, the Seventh Circuit—to which the Third Circuit courts frequently look for guidance on the FDCPA issues[10]—has also recognized and applied the "principal purpose" prong

---

[10] *See Grubb v. Green Tree Servicing, LLC*, 2014 WL 3696126, at *9 (D.N.J. July 24, 2014) ("[T]he Third Circuit often looks to Seventh Circuit case law in the context of the FDCPA.") (citations omitted).

in addition to the status-of-the-loan analysis.[11] *See McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006) ("A 'debt collector' is defined by the FDCPA to be 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.' McCready admits that eBay's principal purpose is not to collect debts; rather McCready claims eBay falls under the 'second prong' of the FDCPA's definition of 'debt collector' because eBay 'regularly attempts' to collect debts.") (internal citation omitted).

### D. Amos is a "Debt Collector" Under the "Principal Purpose" Prong of § 1692a(6) of the FDCPA.

Under the pre-*SCOTUS Henson* Third Circuit law, Amos's status as a "debt collector" as to the Tepper Loan depended on whether the Tepper Loan was deemed to be in default at the time Amos purchased it from the FDIC. At trial, the Teppers presented evidence that (1) the FDIC had (improperly) declared the Tepper Loan to be in default prior to selling it to Amos, and (2) Amos has consistently treated the Tepper Loan as a defaulted loan throughout its collection attempts. *SCOTUS Henson*, however, has made the status of the Tepper Loan when Amos purchased it irrelevant for the purpose of determining whether Amos was a "debt collector" as to the Tepper Loan under the "regularly collects" prong of § 1692a(6). Per *SCOTUS Henson* (and the textual interpretation of § 1692a(6)), to be a statutorily defined "debt collector," Amos has to either (1) engage in regular collection activities for debts owed to other parties; <u>or</u> (2) have the principal purpose of its business be debt collection, regardless of whether Amos owns the debt it

---

[11] Like the Third Circuit, the Seventh Circuit looked at whether the debt in question was in default at the time of its acquisition to determine if the acquiring entity was a "debt collector." *See, e.g.*, *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) ("[T]he [FDCPA] treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not.")

attempts to collect. The evidence in this case demonstrates that the principal purpose of Amos's business is debt collection, and Amos is, therefore, a "debt collector" under the "principal purpose" prong of § 1692a(6).

Unlike Santander, Amos is **not** a lending institution that issues loans to borrowers.[12] According to the trial testimony of Mr. Korogluyan—Amos's operations manager and second in command—Amos's **sole** business consists of purchasing and subsequently collecting defaulted debt, including consumer debt.[13] The publicly available information clearly shows that Amos is registered in multiple states as a debt collector dealing with consumer debt.[14]

Moreover, while Amos purchased the pool of loans from NOVA Bank—including the Tepper Loan—in March 2013, it did not register with the Pennsylvania Department of State until October 2015.[15] This registration happened (a) more than two-and-a-half (2 ½) years after the Tepper Loan was purchased, and (b) seven (7) months after Amos wrongfully instituted the Foreclosure Action. While any entity that does business in the Commonwealth of Pennsylvania is statutorily required to register with the Department of State prior to utilizing Pennsylvania courts—which Amos did not do prior to instituting the Foreclosure Action[16]—Amos has

---

[12] *See* Complaint [ECF No. 1] (**Plaintiffs' Trial Exhibit 36**) at 3, *admitted in* Answer [ECF No. 3] (**Plaintiffs' Trial Exhibit 37**) at 3.
[13] *See* Tr. 135:16–21. The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). Therefore, the consumer debt that Amos purchases and attempts to collect qualifies as "debt" under the FDCPA.
[14] *See* **Exhibit A** & **Exhibit B** at 4. The Court is requested to take judicial notice of this publicly available information pursuant to FED. R. EVID. 201.
[15] *See* **Plaintiffs' Trial Exhibit 32**. The Court is requested to take judicial notice of this publicly available information pursuant to FED. R. EVID. 201.
[16] *See* Teppers' Supplemental FF&CL at 10–13.

repeatedly argued that it was not required to register with the Department of State because its sole activity in Pennsylvania was the "acquisition and collection of debts."[17]

## IV. CONCLUSION

Section 1692a(6) of the FDCPA defines a "debt collector" as someone who either (1) is in the business whose "principal purpose" is collection of "any debts," or (2) "regularly collects" debts "owed or due . . . another." 15 U.S.C. § 1692a(6). The Third Circuit has historically recognized this two-pronged approach to determining if a non-originating entity was a statutorily defined "debt collector." However, the determinative question under either prong was whether the debt such entity attempted to collect was in default at the time the debt was acquired by such entity.

*SCOTUS Henson* abrogated the Third Circuit "default" test, but only as to the "regularly collects" prong of § 1692a(6), holding that to be a "debt collector" under **that** prong, one must collect or attempt to collect a debt owed to a third party. The Supreme Court expressly stated that its decision did **not** impact the "primary purpose" prong of the statute. Looking at the plain text and the sentence structure of § 1692a(6), it is clear that the "owed or due . . . another" applies **only** to the "regularly collects" prong, **not** the "primary purpose" prong of the statute, especially since the word "debts" in the latter prong is immediately preceded by the word "any." Therefore, a non-originating entity whose "primary purpose" is collection of "any debts" is a statutorily defined "debt collector," regardless of whether it is the owner of the debts it attempts to collect.

Amos is not a financial institution in the business of originating loans. Its **sole** business is buying up defaulted debt and attempting to collect on such debt. Until October 2015—more than

---

[17] *See* Defendant's Proposed Findings of Fact and Conclusions of Law [ECF No. 40] at 14; Defendant's Supplemental Proposed Findings of Fact and Conclusions of Law [ECF No. 44] at 12.

two-an-a-half (2 ½) years after it purchased the Tepper Loan—it was not registered in the Commonwealth of Pennsylvania to do **any** business, which, per Amos's own argument, was justified due to the fact that Amos's Pennsylvania activities consisted **solely** of debt collection. Moreover, Amos is registered as a debt collector that deals with consumer debt in multiple states. The evidence in this case clearly shows that the "primary purpose" of Amos's business is debt collection, and Amos's actual ownership of the debt it attempts to collect is irrelevant to its status as "debt collector." Therefore, Amos is a "debt collector" under the "primary purpose" prong of § 1692a(6) and is liable to the Teppers under the FDCPA.

Respectfully submitted,

**FELLHEIMER & EICHEN LLP**

Dated:  June 19, 2017  */s/ Gleb Epelbaum*_____
Alan S. Fellheimer (PA Attorney ID No. 09842)
John J. Jacko III (PA Attorney No. 67477)
Gleb Epelbaum (PA Attorney ID No. 320904)
Two Liberty Place
50 South 16th Street, Suite 3401
Philadelphia, PA  19102
T: (215) 253-6630
*Attorneys for Plaintiffs,*
*James Tepper and Allison Tepper*

13